# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FLORENCE A. KONOSKY and FLORENCE C. KONOSKY, | CIVIL ACTION NO. 3:10-CV-2482 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| PHL VARIABLE LIFE INSURANCE COMPANY, | |
| Defendant. | |

## **MEMORANDUM**

Presently before the Court is the defendant's notice of removal. (Doc. No. 1.) Because the notice of removal fails to establish that this Court has subject matter jurisdiction over the action, it will be remanded unless the defendant can show that diversity jurisdiction is proper.

## **I. Background**

Plaintiffs Florence A. Konosky and Florence C. Konosky (Florence A. and Florence C., respectfully)[1] brought this action in the Court of Common Pleas of Lackawanna County against defendant PHL Variable Life Insurance Company.  PHL timely removed the action to federal court, invoking diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332.

The complaint describes Florence A. as residing in Pennsylvania, while plaintiff Florence C. resides in Milan, Italy (but maintains "a permanent legal address" in Pennsylvania). The notice of removal summarily refers to both plaintiffs as citizens of

---

[1] Because the plaintiffs share the same surname (and, indeed, the same first name), for clarity they will be referred to as Florence A. and Florence C. The Court means no disrespect.

1

Pennsylvania. The notice of removal describes PHL as a Connecticut corporation with its principal place of business in Connecticut.

## II. Analysis

"It is an elementary principle that federal courts are courts of limited jurisdiction, empowered to hear cases only as provided for under Article III of the Constitution and congressional enactments pursuant thereto." *Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 905 F.2d 42, 45 (3d Cir. 1990) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Federal courts have an obligation to address concerns over subject matter jurisdiction *sua sponte*. *Id.*

Under 28 U.S.C. § 1441, a civil action brought in state court may be removed by the defendant to federal district court whenever a district court would have original jurisdiction over the action. Under 28 U.S.C. § 1332, the diversity jurisdiction statute, the district courts have original jurisdiction of civil actions "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . [or] citizens of different States and in which citizens or subjects of a foreign state are additional parties."

Complete diversity must exist between the adverse parties in the action; that is, the citizenship of each plaintiff must be diverse from that of each defendant. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978), 373–74 (1978). Diversity of citizenship is determined at the time the action is filed. *See Freeport-McMoran Inc. v. K.N. Energy Inc.*, 498 U.S. 426, 428 (1991).

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the

state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must . . . be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). An American citizen domiciled abroad "is 'stateless' for purposes of diversity jurisdiction . . . [and] cannot be sued (or sue) in federal court based on diversity jurisdiction." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 184 (3d Cir. 2008).

The defendant bears the burden of establishing federal jurisdiction in a removal case. *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Removal statutes are to be strictly construed and all doubts are to be resolved in favor of remand. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).

Here, the complaint claims that Florence C. resides in Italy; thus, she cannot be domiciled in Pennsylvania and is not a citizen of Pennsylvania. Assuming she is a citizen of the United States, her foreign residence renders her "stateless" for purposes of the diversity statute and the action must be remanded to state court. The only way removal can be saved is if Florence C. is a "citizen or subject of a foreign state" and *not* an American national. *See Frett-Smith v. Vanterpool*, 511 F.3d 396, 400 ("We . . . hold that for purposes of diversity jurisdiction, only the American nationality of a dual national is recognized.")

If the defendant can show that Florence C. is a citizen or subject of a foreign state, thereby saving removal, it will be permitted to do so pursuant to 28 U.S.C. § 1653. *See USX*

*Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts.").

### III. Conclusion

The notice of removal fails to show the existence of subject matter jurisdiction. The defendant will be given an opportunity to amend its notice of removal if it can show that diversity-of-citizenship jurisdiction exists. The defendant will be given fourteen (14) days in which to file an amended notice of removal. Failure to do so will result in this action being remanded to state court. An appropriate order follows.

| | |
|---|---|
| December 8, 2010 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FLORENCE A. KONOSKY and FLORENCE C. KONOSKY,<br><br>    Plaintiffs,<br><br>        v.<br><br>PHL VARIABLE LIFE INSURANCE COMPANY,<br><br>    Defendant. | NO. 3:10-CV-2482<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this 8th day of December, 2010, **IT IS HEREBY ORDERED** that the defendant is given leave to file an amended notice of removal within fourteen (14) days from the date of this Order. If the defendant fails to do so, the action will be remanded to state court.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge